IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KYLE CLARK<br>    Plaintiff<br><br>v.<br><br>TRIOPTEK SOLUTIONS, INC. and<br>JONATHAN D. PIKE<br>    Defendants | CIVIL ACTION NO. |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Kyle Clark brings this Original Complaint against Defendants and shows as follows:

**I. SUMMARY**

1.      This is an action for overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").  Plaintiff worked for Defendants from roughly mid-July 2017 until August 2018 providing routine help-desk type duties.  He regularly worked approximately 45 or more hours per workweek, and Defendants did not pay him an overtime premium of at least one and one-half times his regular rate for hours worked over 40 in a workweek.  Plaintiff brings this action to recover back wages, an equal amount of liquidated/double damages, attorney fees, interest, and costs.

**II. PARTIES**

2.      Plaintiff Kyle Clark is an individual who resides in Collin County, TX.  He consents to be a party plaintiff in this action.

3.      Defendant Trioptek Solutions, Inc. is a domestic for-profit corporation organized under the laws of the State of Texas.  Defendant Trioptek may be served with process by serving its registered agent and president, Jonathan D. Pike, at 2708 Winterstone

Drive, Plano TX 75023, or wherever he may be found.

4.     Defendant Jonathan D. Pike is an individual who is a citizen of the State of Texas.  Defendant Pike may be served with process at his place of residence, 2708 Winterstone Drive, Plano TX 75023, his usual place of business, or wherever he may be found.

### III.  JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this action because Plaintiff asserts a claim arising under federal law.

6.     Venue is proper in this district because it the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, Defendants reside in this district, and – at all times during the period that Defendants employed Plaintiff – Defendants conducted business in this district.

### IV.  COVERAGE

7.     At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

8.     Defendants have constituted an enterprise within the meaning of Sections 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Defendants performed (either through unified operation or common control) related activities for a common business purpose.  Further, Defendants have constituted an enterprise within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise have had and have an annual gross

volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).  Upon information and, therefore, it is believed, Defendant Trioptek generated more than $500,000 per annum in sales and employed more than two employees engaged in interstate commerce in the calendar years that it employed Plaintiff.

9. At all times material to this action, Defendant Pike has acted, directly or indirectly, in the interest of an employer in relation to Plaintiff.  For example, during Plaintiff's employment with Defendants:

   a. Defendant Pike held himself out to the public as Defendant Trioptek's President, Managing Director, and founder;

   b. Defendant Pike was the controlling shareholder of Defendant Trioptek;

   c. Defendant Pike had the authority to issue and sign checks on Defendant Trioptek's bank accounts.

   d. Defendant Pike made decisions affecting significant aspects of Plaintiff's employment with Defendant Trioptek;

   e. Defendant Pike made the decision to hire Plaintiff for Defendant Trioptek;

   f. Defendant Pike signed Plaintiff's Trioptek employment offer; and

   g. Defendant Pike made the decision to not pay Plaintiff overtime compensation for hours worked over 40 in a workweek.

10. All times during his employment with Defendants, Plaintiff was an employee engaged in commerce or in the production of goods for commerce as defined by the FLSA. Among other things, Plaintiff used electronic mail, telephone, and other instrumentalities of interstate commerce to communicate with Defendants' customers located in states other

than Texas, including customers located in the state of Nevada -- all while Plaintiff was employed by Defendants and located in Texas.

## V.   FACTUAL BACKGROUND

11.	At all times material to Plaintiff's employment, Defendant Trioptek provided outsourced Information Technology solutions and offered managed services to business customers located within and outside of the state of Texas.

12.	Defendant Pike managed the Defendant Trioptek's day-to-day operations from his residence located in Plano, TX.

13.	Plaintiff interviewed with Defendant Pike for a position with Defendant Trioptek in July 2017.

14.	On or about July 17, 2017, Defendant Pike extended Plaintiff a written offer of employment at Defendant Trioptek in the position of Technical Support Specialist, reporting to Operations Manager Richard Giles and Defendant Pike as Defendant Trioptek's Managing Director and President.

15.	Plaintiff accepted the employment offer in July 2017 and worked for Defendants as an employee earning an annualized wage of $38,400.00.

16.	Plaintiff continued to work for Defendants until approximately August 1, 2018, when Defendant Pike accepted employment with Global IP Networks, Inc. and Defendant Trioptek's employees accepted employment with Global IP Networks, Inc.

17.	Plaintiff's duties at Defendant Trioptek included, among other things, monitoring the company's alerts e-mails in the event a customer's computers or servers had issues.  Plaintiff also handled help-desk tickets that were sent in electronically and via phone calls. Both of these involved general tech support items, such as fixing printers,

helping customers to set up e-mail on a new iPhone, and more.  Plaintiff was responsible for other routine and nondiscretionary help-desk-type duties involving routine maintenance.  Higher level issues were directed to the Operations Manager, who instructed Plaintiff on how to resolve the customer's matters.  Plaintiff's primary duties did not include the exercise of discretion or independent judgment with respect to matters of significance.

18. During Plaintiff's employment with Defendant Trioptek, Plaintiff regularly worked from 8:00 a.m. to 6:00 p.m., Monday through Friday, for an average total of approximately 45 hours or more per week.

19. During Plaintiff's employment with Defendant Trioptek, Defendants did not pay Plaintiff an overtime premium of at least one and one-half times his regular rate for hours worked in a workweek over 40.

20. During Plaintiff's employment with Defendant Trioptek, Defendants did not use a time-tracking software or other device to accurately track Plaintiff's hours worked.  Consequently, Defendants failed to maintain an accurate record of Plaintiff's actual working time.

21. Defendants also did not post a workplace notice or poster explaining his overtime rights under the FLSA, as required by the U.S. Department of Labor.

## VI.   CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff incorporates the preceding paragraphs of this Complaint as if stated fully herein.

23. During the FLSA limitations period governing this action, Defendants have violated Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207 and  215(a)(2), by employing

Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating him for work in excess of 40 hours per week at a rate no less than one-and-one-half times the regular rate for which he was employed.

24. Plaintiff was a non-exempt employee entitled to overtime pay for hours worked in a workweek exceeding 40.

25. There is no overtime exemption under the FLSA that exempts Plaintiff from the FLSA's mandatory overtime provisions.

26. Defendants were not aware of their obligation to pay overtime compensation to Plaintiff. In the alternative or in addition, Defendants acted willfully or intentionally in failing to pay Plaintiff in accordance with the FLSA.

## VII.   MISCELLANEOUS

27. All conditions precedent have occurred or been performed.

28. There is no agreement between Plaintiff and Defendants that requires them to submit this dispute to mandatory arbitration.

## VIII.   RELIEF SOUGHT

29. WHEREFORE, cause having been shown, Plaintiff Kyle Clark prays for judgment against Defendants, jointly and severally, seeks the following relief:

   a. For an Order, pursuant to Section 16(b) of the FLSA, finding Defendants liable for unpaid overtime wages due to Plaintiff, and for liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff; and

   b. For an Order awarding Plaintiff the costs of this action; and

    c. For an Order awarding Plaintiff attorneys' fees; and

    d. For an Order awarding Plaintiff pre-judgment, as allowable, and post-judgment interest, all at the highest rates allowable by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Barry S. Hersh
Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, PC
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel.  (214) 303-1022
Fax  (214) 550-8170
barry@hersh-law.com

ATTORNEY FOR PLAINTIFF

Plaintiff's Original Complaint – Page 7